GILREATH v. FURMAN.

PLEADING—COMPLAINT—A DEMURRER to an answer setting up adverse possession, grant by presumption from lapse of time, &c., to a complaint for possession of real estate by a remainderman, which com-

plaint does not allege the possession of the life tenant, or the nature of the possession of the defendant, will be overruled for defective allegations in the complaint.

Before ALDRICH, J., Greenville, April, 1898. Affirmed.

Action for possession and partition of real estate by Martha L. Gilreath v. Mary G. Furman. From order overruling plaintiff's demurrer to defendant's answer, the plaintiff appeals.

*Messrs. Perry & Heyward*, for appellant, cite: *For purposes of this demurrer, all allegations of the complaint must be taken as true:* Code, 170, 189; 29 S. C., 286; 16 S. C., 586; 35 S. C., 172; 44 S. C., 227. *Demurrer admits only facts well pleaded:* 28 S. C., 396; 47 S. C., 184. *Whether possession is adverse, is a question of law and not admitted by demurrer:* 5 Pet., 402. *Possession could not be adverse to plaintiff until death of life tenant:* Code, 101; 4 Johns. (N. Y.), 390; 42 F. R., 609; Rice, 14; 3 Rich., 104; 16 S. C., 228; 18 S. C., 527; 25 S. C., 524; 120 N. Y., 273; 154 Mass., 535; Bail. Eq., 40, 42, S. C., 310, 329; 46 S. C., 267. *Presumption co[...] to run until death of life tenant:* 40 S. C., 182. *Posse[...] of forty years could not confer title as against this plaintiff:* Con. U. S., art. 14, sec. 1, art. 1, sec. 10; Con. S. C., 1895, art. I., secs. 5 and 8; Con. S. C., 1868, art. I., secs. 14, 21, and 23; 4 Wheat., 518; 111 U. S., 701; 135 U. S., 662; 137 U. S., 245; 5 S. C., 125; 8 Wheat., 1; 13 Rich., 498; 1 S. C., 78; 15 Rich., 160.

*Messrs. Haynsworth, Parker & Patterson*, contra, cite: *Not necessary to repeat a denial in each separate defense:* Code, 170, 189. *Possession under sale by executors is adverse to all children of Pinckney Hawkins:* 32 S. C., 529. *Under the act of 1712, the accrual of each right gave new starting point to statute:* 2 Stat., 584; 6 Stat., 238. *Such is not now the rule:* Code, 98, 100, 101, 102; 50 S. C., 120; 23 Am. St. Rep., 76; 96 Ala., 162. *Forty years adverse possession gives immunity from suits:* Code, 109; 31 S. C., 1.

Oct. 25, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. This appeal involves questions growing out of several demurrers to several causes of defense, and in order to be considered, a reproduction of the complaint and answer will be necessary.

The complaint was as follows: "I. That on the    day of July, A. D. 1849, Pinckney Hawkins, late of the county (then district) of Greenville, in this State, died, seized and possessed of a large estate, consisting of both real and personal property, part of which was a certain tract of land, lying about three miles north of the present city of Greenville, in the county and State aforesaid, containing about 340 acres, and known as the 'Dozier tract,' upon which the said Pinckney Hawkins had been living up to the time of his death, as above set forth. II. That the said Pinckney Hawkins left his last will and testament duly executed, whereby he provided, *inter alia*, as follows: 'Fourth. I give unto my daughters, Chloe Hawkins and Melinda Hawkins, a negro woman named Susan, and her two children, Butler and Peter, also a negro girl, named Ann, together with their fut⬛⬛⬛⬛⬛also 100 acres, including dwelling house and⬛⬛⬛ove⬛⬛ts of the Dozier tract, whereon I now live, to be divided as my executors think best; upon the marriage of either of them, and in the event of the death of either of them without issue, their portion at that time to go to my surviving children, share and share alike.' A copy of which will is hereto attached and made a part of this complaint. III. That on the    day of July, A. D. 1849, said will was duly proven in common form before the ordinary for Greenville District, and is now on file in the court of probate for the county of Greenville, State aforesaid. IV. That on the 13th day of January, 1897, the said Melinda Hawkins died intestate and without issue. V. That at the time of the death of the said Melinda Hawkins, this plaintiff was the only surviving child of the said Pinckney Hawkins. VI. That the defendant, Mary G. D. Furman, is now in possession of

said 'Dozier tract.' Wherefore, the plaintiff prays: 1. That a writ of partition do issue from this Court, and that 100 acres of the said land, including the dwelling house and improvements, be set off, fifty acres thereof to be delivered to this plaintiff. 2. For such other and further relief as may be just and proper, and for the costs of this action."

To this complaint the defendant served the following answer:

"For a first defense: I. That she admits that she is in possession of a certain tract of land, about three miles north of the city of Greenville, containing 300 acres, more or less, but she alleges that the said tract of land is known as Cherrydale. II. She admits the second and third paragraphs of the complaint. III. She denies that she has any knowledge and information sufficient to form a belief as to the other allegations of the complaint not heretofore admitted. IV. She denies that the plaintiff has any interest or title in said lands, or is entitled to partition of any part thereof; but, on the contrary, alleges that she (the defendant) is owner in fee thereof.

For a second defense: I. She alleges that after the death of Pinckney Hawkins, A. B. Crook, named as executor in said will, duly qualified as executor, and that he, with a full knowledge and consent of all the legatees and devisees under said will, professing to act in pursuance of its terms, sold and conveyed in fee the entire tract of land referred to in the first defense herein to T. T. Hopkins, and received the proceeds of sale. II. That the proceeds of sale of said lands were divided among the said legatees and devisees, and that the plaintiff herein received her part thereof, and all the other children and devisees and legatees received their part. III. That the said T. T. Hopkins immediately went into possession of the said lands, claiming the same as his own, and that he and those who claimed under him, including this defendant, have ever since been in peaceable, uninterrupted, adverse possession thereof, claiming the same in fee simple. IV. That by the acts and conduct of the

plaintiff as aforesaid, she is estopped from claiming any title or interest in the said premises.

For a third defense, the defendant alleges: I. That she has been, prior to this action, in the adverse, continuous, uninterrupted, and peaceable possession of said lands heretofore described in this answer for the period of ten years, claiming the same as her own, and the defendant pleads such possession as a bar to this action under the statute.

For a fourth defense, she alleges that she and those under whom she claims have been in the adverse, continuous, uninterrupted, and peaceable possession of the lands described herein for a full period of twenty years prior to the commencement of this action, and that in law this defendant, or those from whom she claims, will be presumed to have received a deed of conveyance to said lands from all parties having an interest or claim therein.

For a fifth defense: I. This defendant alleges that this action is for the recovery of real property or an interest therein. II. That this defendant and those from whom she claims have been in possession of the said land under claim of title in fee simple by virtue of a written instrument for more than forty years prior to the commencement of this action, and she alleges that under the statute of limitations the said possession shall be deemed to have conferred a valid title against the world. III. The defendant pleads and claims the benefit of all the presumptions arising from lapse of time."

Thereupon the plaintiff demurred separately to each of the five separate defenses interposed by defendant's answer on the ground that each defense failed to state facts sufficient to constitute a defense to the plaintiff's cause of action set out in her complaint. When the hearing of said demurrer came on before his Honor, Judge Aldrich, he passed an order overruling each one. From this order the plaintiff now appeals and seeks to reverse the same only so far as the third, fourth, and fifth defenses set up in the answer are concerned. So that the first and second defenses are

valid defenses and remain for trial in the Court below, unaffected by this appeal.

The following are the grounds of appeal: "I. That his Honor, the Circuit Judge, erred in overruling the demurrer to the third alleged defense set up in the answer, and should have ordered said alleged defense to be stricken out, upon the ground that inasmuch as the cause of action set out in the complaint did not accrue to the plaintiff until the 13th day of January, A. D. 1897, there could be no possession adverse to the plaintiff's title previous to said date, and consequently the statute of limitations could not run against the plaintiff. II. That his Honor, the Circuit Judge, erred in overruling the demurrer to the fourth alleged defense set up in the answer, and should have ordered said alleged defense to be stricken out upon the ground that inasmuch as the cause of action set out in the complaint did not accrue to the plaintiff until the 13th day of January, A. D. 1897, there could be no possession adverse to the plaintiff's title previous to said date, and, consequently, no presumption of a deed or grant could arise against the plaintiff. III. That his Honor, the Circuit Judge, erred in overruling the demurrer to the fifth alleged defense set up in the answer, and should have ordered said alleged defense to be stricken out upon the ground that inasmuch as the cause of action set out in the complaint did not accrue to the plaintiff until the 13th day of January, A. D. 1897, there could be no possession adverse to the plaintiff's title previous to that date, and, consequently, that the terms of section 109 of the Code of Procedure of this State cannot apply to the plaintiff's case. IV. That it is submitted that said section 109 of the Code of Procedure can apply to such rights only as could be enforced within the forty years limited therein, and that in so far as it assumes to cut off the rights of a litigant without affording to such litigant an opportunity to assert his or her right in Court (if said section be so construed), it is submitted that said section is unconstitutional."

The object of a demurrer is to test the sufficiency in law

of a pleading by admitting the truth of all allegations of fact in said pleading so far as said facts are well pleaded, whether it be a complaint, an answer or a reply. When an answer is demurred to, reference must necessarily be had to the cause of action as set up in the complaint. In passing upon the first ground of appeal, it will be necessary to bear in mind that the cause of action as set out in the complaint is, that under the will of Pinckney Hawkins, in July, 1849, there passed into Melinda Hawkins, under the fourth clause of his will, an estate, being a one-half interest in 100 acres of land, whereon the dwelling house of said Pinckney Hawkins was located, as a part of his Dozier tract of land; and in the event she died without issue, then to go to the testator's children who should survive the said Melinda Hawkins; and that Melinda Hawkins died on the 13th of January, 1897, without issue, and that the plaintiff is and was the only child of Pinckney Hawkins alive when Melinda Hawkins died; and that the defendant is in possession of said land. It will be noticed that the plaintiff nowhere in her complaint asserts as a fact that Melinda Hawkins ever was in possession of said land from the year 1849 to the date of her death in 1897. There is also an entire absence of any allegation in the complaint as to the manner of the defendant's possession. We have no right to assume the existence of any facts which are not pleaded, and which may be necessary to the construction of the pleading demurred to, or, on the other hand, to assume the existence of any such necessary facts in the complaint itself. In other words, when a demurrer is interposed, the gates are shut as against all other facts save those set out in the complaint and in the answer and in the reply demurred to. The appellant may reply to this view that the defendant has not demurred to the complaint because there is a failure in its allegations of fact in stating a cause of action. We answer, that the view suggested is quite true, and that when the defendant interposed her answer, she thereby admitted all the facts alleged in the complaint which she did

not deny. The plaintiff and defendant were at issue by their pleadings—the complaint and answer. But the plaintiff was not content with this, she must needs interpose a demurrer to the defenses set out in defendant's answer. By so doing, she must of necessity have her complaint tested, as much so as if the defendant had demurred thereto. The rule in the construction of a demurrer to any pleadings subsequent to the complaint is that thereby the demurrer will reach back "to defects in that part of the previous pleading which the pleading demurred to purports to answer, or with which it is connected." ' 6 Enc. Prac. & Pl., 330. The demurrer to that defense in the answer which sets up that the plaintiff cannot recover this land of the defendant because the defendant has been for ten years prior to this action in the adverse, continuous, and peaceable possession of the lands in question, must, therefore, be taken in connection with the facts on this point in the complaint. It will be noticed that the plaintiff nowhere alleges in her complaint, nor does the defendant in her answer admit, that the possession adverse to the plaintiff for ten years by the defendant did not exist. If such possession was adverse to the plaintiff, it would of necessity require the existence, on the part of the plaintiff, of the right to such possession during the ten years, for we cannot see how the defense of adverse possession could be made to apply to a person who, during the whole time of ten years, did not have the right of possession. We may not be able to anticipate what facts will be proved by the defendant to support this defense of ten years adverse possession; still, nevertheless, she has seen proper, in plain, laconic words, to set up as a fact ten years adverse possession; and having thus pleaded the fact of adverse possession for the statutory period, it is not demurrable. Very ingeniously the plaintiff suggests that *adverse* possession is not a conclusion of fact, but rather a conclusion of law. We cannot so regard it. It is a fact, and in many of our cases, just like this, it will be found as an allegation of fact. The same views will hold as to the

presumptions arising from twenty and forty years possession by the plaintiff so far as plaintiff's demurrer applies thereto, for it must be remembered we are discussing these alleged facts in the light of demurrers thereto. We have no opinion, and express no opinions, as to any matters of fact. We must overrule each of the demurrers.

It is the judgment of this Court, that the order of the Circuit Court appealed from be affirmed, and that the action be remanded to the Circuit Court for trial.

MESSRS. JUSTICES GARY and JONES concur in result.